IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAPRINCE BLACK, ) | |
| ID # 5370-10, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:11-CV-0625-L-BH |
| ) | |
| DAN COX, et al ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

### I. BACKGROUND

Plaintiff sues his defense attorney Dan Cox, Judge Gene Knize, and District Attorney Ricky Sykes under 42 U.S.C. § 1983. He claims that he was unlawfully detained in the Ellis County jail for over six months before he was indicted for the crime for which he had been arrested (theft) or appointed counsel, and that he was unlawfully detained for over seven months before he was arraigned. Plaintiff later pled guilty to theft and was sentenced to time served. (*See* Compl. at 3-5; Magistrate Judge's Questionnaire ("MJQ"), Ans. 1, 2, 6).[1] He seeks to recover money damages for the time during which he was allegedly incarcerated illegally, have sanctions levied against the defendants by the Texas Bar Association, and have his guilty plea overturned. (MJQ, Ans. 8). No process has been issued in this case.

### II. PRELIMINARY SCREENING

Because Plaintiff, a prisoner in the Ellis County Jail, has been permitted to proceed *in forma*

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

*pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff brings this action under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under

color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A. **No Habeas Relief**[2]

Plaintiff seeks to overturn his state conviction for theft. This type of relief lies within the exclusive province of a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Davidson v. Texas*, 37 F.3d 629, 1994 WL 558794, at *1 (5th Cir. 1994) (per curiam). Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on this claim.

B. **No State Actor**

Plaintiff sues his appointed defense attorney for misrepresentation and deceit, failing to provide due process, permitting judicial misconduct, and providing ineffective assistance of counsel by failing to file a writ of habeas corpus or file any motions. (Compl. at 3; MJQ, Ans. 1 & 2).

It is well-established that an appointed attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section

---

[2] Plaintiff's claims could be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Morrison v. Brown*. 199 F.3d 438, 1999 WL 1067613 at *1 (5th Cir. 1999). *Heck* provides that a § 1983 plaintiff who seeks to recover damages for an allegedly unconstitutional conviction, imprisonment, or unlawful action that would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck*, 512 U.S. at 486-87. Because the issues in this case are appropriate for early and final determination, a determination of whether *Heck* bars Plaintiff's claims is not required. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court should determine that issue as early in the proceedings as possible to the extent it is feasible to do so).

1983"). Although a private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), Plaintiff has made no allegation that his attorney was a state actor. He only complains that he did not take adequate action in his case. Plaintiff has failed to state a viable § 1983 claim against his attorney, and the claims against him should be dismissed.

## C. Judicial Immunity

Plaintiff sues the judge for misconduct and because he allowed a late indictment and a late arraignment, he appointed counsel late, and he allowed Plaintiff's unconstitutional confinement and subsequent conviction with an unsealed indictment. (Compl. at 3; MJQ, Ans. 4).

The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* at 11. Because Plaintiff has not alleged that the judge acted without jurisdiction, and his complaint is based solely on acts or omissions taken in his role as a judge, the judge is absolutely immune from suit.

## D. Prosecutorial Immunity

Finally, Plaintiff sues the district attorney because Plaintiff was held in custody for more than 184 days without being indicted and for 227 days before being arraigned, Plaintiff received no personal recognizance bond, and Plaintiff was prosecuted with an unsealed indictment. (Compl. at 2; MJQ, Ans. 3).

Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler*

*v. Pachtman*, 424 U.S. 409, 430-31 (1976). While the Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties, *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), Plaintiff in this case has made no allegation that the defendant acted other than in his adjudicative role as prosecutor. To the contrary, Plaintiff attempts to sue him actions taken by a prosecutor in his role as an advocate for the State. *Id*. at 273. Furthermore, a prosecutor is entitled to absolute immunity for acts taken to initiate prosecution even against allegations that he acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987), *citing Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). Therefore, Plaintiff's claims against the district attorney should be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 29th day of June, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                      IRMA CARRILLO RAMIREZ
                                                      UNITED STATES MAGISTRATE JUDGE