IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LAPRINCE BLACK,** § | | |
| **ID # 5370-10**, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. **3:11-CV-625-L** | |
| § | | |
| **DAN COX, et al.**, § | | |
| § | | |
| Defendants. § | | |

## ORDER

Plaintiff filed his complaint in this civil rights action pursuant to 42 U.S.C. § 1983 on March 28, 2011. The case was referred to Magistrate Judge Irma Carrillo Ramirez pursuant to Special Order 3-251 and the provisions of 28 U.S.C. § 636(b). On June 29, 2011, the magistrate judge filed her Findings, Conclusions, and Recommendation ("Report"). Plaintiff filed no objections to the Report; however, he filed an Amendment to Claim on July 14, 2011.

The magistrate judge recommends that the court summarily dismiss this action with prejudice for Plaintiff's failure to state a plausible claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff seeks relief against his defense attorney Dan Cox, Judge Gene Knize, and District Attorney Ricky Stykes. He contends that he was unlawfully detained in the Ellis County jail for over six months before he was indicted for the crime for which he had been arrested (theft) or appointed counsel. He also contends that he was unlawfully detained for over seven months before he was arraigned. Plaintiff ultimately pled guilty to the theft and was sentenced to time served. He now seeks to recover money damages for the time during which he

was allegedly illegally incarcerated, have sanctions levied against Defendants by the Texas Bar, and have his guilty plea overturned.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). The magistrate judge determined that Plaintiff's section 1983 claim is inapposite to each Defendant in this case. First, it is well-settled that an appointed attorney does not act "under color of state law" in representing a defendant at trial or on direct appeal. *See Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Second, judges have absolute immunity for actions taken in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Third, prosecutors also enjoy absolutely immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Finally, with respect to Plaintiff's request that the court overturn his conviction, such relief lies within the exclusive province of a habeas action, not in a section 1983 case. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In Plaintiff's Amendment to Claim, he requests "Habeas Relief" under the heading of section 1983. Plaintiff, however, has failed to file a federal petition for writ of habeas corpus, and such relief cannot be granted under a section 1983 claim. *See id.*

Having reviewed the filings, record, applicable law, and Report, the court **determines** that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. Accordingly, the court **dismisses with prejudice** this section 1983 action. A judgment will issue by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 19th day of July, 2011.

                                      Sam A. Lindsay
                                      United States District Judge